UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-293 (WMW/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MOESHEA ISIAH HART, )<br>)<br>Defendant. ) | GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS |

The United States of America, by and through its undersigned attorneys, hereby submits its consolidated response to the defendant's, Moeshea Isiah Hart's, pretrial motions. Based upon any reply filed by Hart or any oral arguments before the Court, the United States respectfully requests the opportunity to file supplemental briefing if necessary.

**1.    Motion for Discovery and Inspection** (ECF No. 29)

The United States has complied, and will continue to comply, with Fed. R. Crim. P. 16(a)(1)(A)-(F). The United States has provided extensive discovery in the case to date and understands its continuing obligations with respect to discovery under the applicable rules. The United States has offered and continues to offer Hart the opportunity to inspect and examine the physical evidence available in this case upon request at a mutually convenient time, and it has disclosed all scientific and/or forensic examinations and their results, and will continue to do so on a timely basis if and when any additional ones are received. The United States objects to Hart's motion to the extent it seeks disclosure of materials outside the scope of Rule 16.

With respect to any written, recorded, or oral statement(s) of Hart, the United States has already produced any such statements in its possession, custody or control and/or will produce any further such statements on a timely basis when it receives them. The United States has also provided Hart with materials relating to Hart's criminal history and prior convictions. With respect to physical examinations and/or scientific tests, the United States has disclosed all technical reports, inspections, and/or certifications it has received in this case, and will disclose any additional such materials if and when it receives them.

With respect to Hart's request for "pretrial written summary of testimony the government intends to use pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial," the United States is fully aware of its obligations under Fed. R. Crim. P. 16(a)(1)(G) and FRE 702, 703, and 705, relating to disclosures of potential expert witness opinions, reports, and/or qualifications, and intends to fully comply with the requirements of those rules. The United States, however, has not yet determined whether and/or which expert witness(es) it will call at trial. The experts are identified on all the scientific and/or forensic reports that have been produced to date. As noted, any additional forensic/scientific reports the United States receives, will be timely produced. The United States will comply with the required disclosures and notices of its expert witnesses in accord with the Court's Case Management Order.

**2.    Motion to Suppress Search and Seizure Evidence**  (ECF No. 30)

Hart moves to suppress all evidence obtained as a result of a warrant-authorized search of three cellular phones found in Hart's possession at the time of his arrest on February 15, 2023, following a drive-by shooting and discharge of a machinegun believed

2

to have been committed by Hart. (ECF 30-1) Hart contends that the federal search warrant, dated October 5, 2023, lacks probable cause, is overbroad, and is unrelated to the charged offense of possession of a machinegun, in violation of 18 U.S.C. § 922(o)(1). (ECF 30; See Indictment, ECF 16)

The United States opposes this motion. After meeting and conferring with counsel, the parties agree that the United States will submit the federal search warrant, issued by Magistrate Judge David T. Schultz on October 5, 2023, as an Exhibit to the Court for a "four-corners review" to determine whether the issuing magistrate had a substantial basis to determine that relevant evidence would likely be found within Hart's cell phones. *See United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005).

"Probable cause 'is not a high bar.'" *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018). "It 'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *Id*. Given the presumption of validity and the significant judicial deference readily accorded to search warrants, a fair and common-sense reading of the search warrant will show that the issuing magistrate had a substantial basis for finding probable cause and that none of Hart's grounds has merit. *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008); *Illinois v. Gates*, 462 U.S. 213, 236 (1983). And even if the warrant lacked a substantial basis to justify probable cause for their issuance, the good-faith exception to the warrant requirement would nonetheless properly preclude suppression in this case. *United States v. Farlee*, 757 F.3d 810, 819 (8th Cir. 2014); *United States v. Clay*, 646 F.3d 1124, 1127 (8th Cir. 2011); *United States v. Leon*,

468 U.S. 897, 900, 922-23 (1984). Accordingly, Hart's motion to suppress should be denied.

The totality of the circumstances set forth in the affidavit shows that the affiant limited the information sought specifically to evidence related to Hart's possession of the fully automatic firearm, and provided the issuing magistrate with a substantial basis to conclude that it would be reasonable to seek the evidence from the cell phones' contents. Contrary to the defendant's assertions, the affidavit provided an ample nexus between Hart, the possession of the machinegun, and probable cause to believe that evidence of Hart's possession would be found within the cell phones seized from Hart incident to his arrest. The time-period for the search was also reasonably limited to the date the firearm was purchased in March 2021 until the date of Hart's arrest in February 2023.

For instance, the search warrant affidavit established that Hart was the driver of the vehicle involved in a drive-by shooting of automatic gunfire, Hart's DNA could not be excluded as a possible contributor to the DNA found on four areas of the machinegun, with strong or very strong support that Hart contributed to the DNA profile on three areas of the machinegun, the machinegun was immediately found just outside the driver's-side door of the vehicle, and discharged casings were located in and around the driver's area of the vehicle, which crashed into a restaurant as it was fleeing police as high speeds.

Additionally, the affidavit identified several reasons why the affiant, based on her training and over 16 years' experience as a federal agent, believed evidence of Hart's firearm possession might be found on the cell phones, explaining her knowledge that the specific information sought by the warrant, including photos, videos, and text messages, is

4

commonly maintained on cell phones by those who unlawfully possess firearms, ammunition, and/or machineguns. *See United States v. Rosas-Barrientos*, No. 22-1741 (NEB/ECW), 2023 WL 2755027, at *6 (D. Minn. Apr. 3, 2023) (noting that motion to suppress ignored affiant's training-and-experience assertion of common behavior of individuals similarly situated to defendant which supported basis for search of information in particular location), *R&R adopted*, No. 2023 WL 3580819 (D. Minn. May 22, 2023); *United States v. Woods*, No. 18-CR-0153 (WMW/HB), 2019 WL 337590, at *5 (D. Minn. Jan. 28, 2019) (approving R&R because given "the totality of these circumstances, the court that issued the search warrant reasonably inferred that [the defendant's] cell phone could contain information related not only to the shooting, but also to stolen and illegally possessed firearms and drug dealing"); *United States v. Swain*, No. 4:08-CR-405 (CDP/FRB), 2009 WL 10701230, at *3 (E.D. Mo. Mar. 19, 2009) (stating "[p]robable cause to believe items can be found in a suspect's residence can be based on the opinions of law enforcement officers formed as a result of their training and experience.") (citing *United States v. Searcy*, 181 F.3d 975, 977-78, 981 (8th Cir. 1999), and *United States v. Hulett*, 22 F.3d 779, 780-81 (8th Cir.), *cert. denied*, 513 U.S. 882 (1994)); *United States v. Carter*, No. 20-CR-104, 2022 WL 2128509, at *4-*5 (W.D. Penn. June 14, 2022) (finding probable cause to authorize search of defendant's cell phones because affidavits identified reasons why affiant believed evidence might be found on the cell phones based on affiant's knowledge of the sort of information and files, including photos, text messages, and calls, that felons prohibited from possessing firearms may possess on their cell phones). Moreover, the information sought was specifically limited by and tied to records within the

5

cell phones that "evidence, relate to, or constitute, violations of 18 U.S.C. § 922(o)(l) (knowingly possessing a machinegun)." (ECF 30-1, Attachment B) When applying the proper deferential standard, it is evident that in the totality of the circumstances the issuing magistrate had a substantial basis to conclude that probable cause existed to issue the warrant. Accordingly, the defendant's motion to suppress should be denied.

The United States respectfully requests leave to further brief its opposition to this motion, based on any argument or further written submission made by Hart after hearing on this matter.

**3.      Motion to Dismiss Indictment** (ECF. No. 31)

Hart moves to dismiss the indictment, claiming that 18 U.S.C. § 922(o) violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The defendant, however, properly concedes that his claim is foreclosed by existing Eighth Circuit precedent to the contrary holding that possession of machineguns "is not protected by the Second Amendment," but files his motion "to preserve the issue." *United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008) ("Machine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use."). Machineguns, therefore, fall outside of *Bruen*'s reach. Accordingly, the defendant's motion to dismiss should be denied.

Additionally, the Eighth Circuit's decision in *United States v. Jackson*, 69 F.4th 495, 501-06 (8th Cir. 2023), *petition for reh'g filed*, No. 22-2870 (8th Cir. July 14, 2023), has

6

rejected a post-*Bruen* challenge that § 922(g)(1) (felon in possession) is unconstitutional. Moreover, the Eighth Circuit has recently reaffirmed its holding in *Jackson*. *See United States v. Dunn*, 76 F.4th 1062, 1068 (8th Cir. 2023) (rejecting defendant's claim § 922(g)(1) is overly broad and violates his constitutional right to keep and bear arms under the Second Amendment, relying on *Heller*, *Bruen*, and *Jackson*). Because the Court is obviously bound by the Eighth Circuit's decisions, *e.g.*, *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003), the defendant's motion to dismiss should be denied.

Lastly, at least one district court has found sections of the National Firearms Act under Title 26, which regulates machineguns, constitutional in a post-*Bruen* decision. *See United States v. Wuchter*, No. 23-CR-2024 (CJW/MAR), 2023 WL 4999862, at *6 (N.D. Iowa Aug. 4, 2023). *See also United States v. Wendt*, 650 F. Supp. 3d 672, 679-80, 684 (S.D. Iowa 2023) (finding pretrial release condition under § 3142(g), restricting possession of machineguns, did not facially violate Second Amendment post-*Bruen*).

The United States respectfully requests leave to further brief its opposition to this motion, based on any argument or further written submission made by Hart after hearing on this matter.

Dated: <u>November 22, 2023</u>                    Respectfully submitted,

                                                     ANDREW M. LUGER
                                                     United States Attorney

                                                     /s/ *Benjamin Bejar*
                                                     BY: BENJAMIN BEJAR
                                                     Assistant United States Attorney
                                                     Attorney ID No. 351131