UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-293 (JWB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLEA AGREEMENT AND |
| | ) | SENTENCING STIPULATIONS |
| MOESHEA ISIAH HART, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and the defendant, MOESHEA ISIAH HART, agree to resolve this case on the following terms and conditions.   This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota.   It does not bind any other United States Attorney's Office or any other federal or state agency.

1.      **Charges**.   The defendant agrees to plead guilty to Count 1 of the Indictment, charging him with possession of a machinegun in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2).   The defendant fully understands the nature and elements of the crime to which he is pleading guilty pursuant to this plea agreement.

2.      **Factual Basis**.   In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

> a.      On February 15, 2023, at approximately 4:30 p.m., Saint Paul Police officers responded to a shots-fired 911-call in the area of Luella Street North and Wilson Avenue.   Witnesses reported hearing what sounded like automatic gunfire, coming from a black Jeep chasing a white Jeep, while traveling westbound on Wilson Avenue.

b.      Responding officers located a black Jeep within a few blocks of the area of the call with a rear window that appeared to have been shot up.  When the squad turned around to follow the black Jeep, it led police on a high-speed chase until it eventually hit another vehicle and crashed through the Ox Cart Ale House bar/restaurant, which was closed at the time.

c.      Police arrived and saw ~~two adult males and one~~ juvenile male exit the *the defendant* BB MH MJD Jeep and detained ~~all three occupants, including~~ the defendant.  A search incident to arrest of the defendant yielded the key fob for the Jeep with the defendant's house keys attached to the key fob.

d.      On the floor of the restaurant, near the driver's side door, police located a loaded Glock model 45 9mm pistol, bearing serial number BSNC265, with an inserted high-capacity magazine and with an attached machinegun conversion device or switch, enabling it to be fired as a fully automatic weapon by a single function of the trigger ("the firearm").  Approximately 11 9mm discharged cartridge casings (DCCs) were located in and around the driver's area of the Jeep, including one DCC outside the Jeep on the floor of the restaurant. Forensic ballistics testing determined that one randomly selected DCC had been fired by the firearm.

e.      BCA Lab forensic DNA testing revealed a DNA profile mixture from multiple individuals on four areas of the firearm.  The defendant could not be excluded from being a contributor to any of the four DNA mixture profiles.

f.      Police test-fired the firearm and determined that it fired as a fully automatic machinegun regardless of the position of the switch.  BCA conducted a functionality test on the firearm and determined that it functions as a fully automatic machinegun.

g.      The firearm is a "machinegun" as defined by federal law under 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(a) and (b).  The defendant admits and agrees that he knowingly and voluntarily possessed the firearm on or about February 15, 2023. The defendant further admits and agrees that he knew the firearm had characteristics that made it a machinegun as statutorily defined, including the fact that the firearm was equipped with an attached conversion device, commonly known as a "switch" or "auto sear," enabling it to be fired as a fully automatic weapon by a single function of the trigger.

3.      **Waiver of Pretrial Motions**.  The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement,

the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved by the Court and to file any additional pre-trial motions in this case.   The defendant further agrees that, by pleading guilty, he is knowingly and voluntarily withdrawing any motions previously filed.

4.   **Waiver of Constitutional Trial Rights.**   The defendant understands that he has the right to go to trial.   At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination.   The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him.   The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial.   By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel.   The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.   **Additional Consequences**. The defendant understands that as a result of his felony conviction, he could experience additional consequences, such as the loss of the right to possess or carry firearms or ammunition, the right to vote, and the right to hold public office.

6.   **Statutory Penalties**.   The parties agree that Count 1 carries the following statutory penalties:

      a.   a maximum term of 10 years' imprisonment, a Class C felony. (18 U.S.C. §§ 922(o)(1), 924(a)(2), and 3559(a)(3));

      b.   a supervised-release term of not more than 3 years. (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));

      c.   a fine of up to $250,000. (18 U.S.C. §§ 924(a)(2) and 3571(b)(3)); and

      d.   a mandatory special assessment of $100.   (18 U.S.C. § 3013(a)(2)(A)).

7.   **Guidelines Calculations**.   The parties acknowledge the defendant will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines.   The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence, and the parties stipulate to the following Guidelines calculations.   Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and the Probation Office all information in their possession regarding the offense(s), including relevant conduct, and the defendant's background.

      a.   **Base Offense Level**.   The parties agree that because the offense involved a firearm that is described in 26 U.S.C. § 5845(a), the base offense level is 18. USSG § 2K2.1(a)(5).

      b.   **Specific Offense Characteristics**.   The parties agree that because the defendant possessed the firearm in connection with another felony offense, the base offense level is increased by four levels.   USSG § 2K2.1(b)(6)(B).   The parties agree that no other specific offense characteristics or adjustments apply.

      c.   **Chapter Three Adjustments**.   The parties agree that because the defendant recklessly created a substantial risk of death or serious bodily injury to

another person in the course of fleeing from a law enforcement officer, the offense level should be <u>increased by two levels</u>. USSG § 3C1.2.  The parties further agree that, other than acceptance of responsibility, no other Chapter Three adjustments apply.

      d.  **Acceptance of Responsibility**.  The parties agree that if and only if the defendant: (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully at the change-of-plea and sentencing hearings; (3) complies with this agreement; and (4) does not engage in any act inconsistent with acceptance of responsibility before the time of sentencing, the United States will recommend that the defendant receive a <u>two-level reduction</u> for acceptance of responsibility under USSG § 3E1.1(a), and will move for an <u>additional one-level reduction</u> under § 3E1.1(b).  The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion. Nothing in this plea agreement, however, limits the right of the United States, pursuant to USSG § 3E1.1 and/or § 3C1.1, to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

After applying all adjustments, the **<u>adjusted total offense level is 21 (18+4+2-3)</u>**.

      e.  **Criminal History Category**.  Based on the information currently available, the parties believe the defendant has a criminal history category of **<u>I</u>**. This is not a stipulation but merely a belief based on an assessment of the information currently known.  Accordingly, the parties agree that the defendant's actual criminal history category and related status will be determined by the Court based on the information presented in the Presentence Report and by the arguments made by the parties at the time of sentencing, and neither party may withdraw from this plea agreement on this ground.

      f.  **Guidelines Range**.  If the adjusted total offense level is <u>21</u>, and the criminal history category is <u>I</u>, the advisory Guidelines range is <u>37 to 46 months' imprisonment</u>.

      g.  **Fine Range**.  ₁If the adjusted total offense level is 21, the applicable fine range is $15,000 to $150,000.  USSG § 5E1.2(c)(3).

      h.  **Special Assessments**.  The Guidelines require payment of a special assessment in the amount of $100.00.  USSG § 5E1.3.  The defendant understands and agrees that this special assessment is due and payable at the time of sentencing.

     i.    **Supervised Release**.  The Guidelines provide for a term of supervised release of at least 1 year but not more than 3 years.  USSG § 5D1.2(a)(2).

8.    **Discretion of the Court**.  The foregoing stipulations bind the parties but not the Court.  The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion.  The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category.  The Court may also depart from the applicable Guidelines.  If the Court determines the applicable Guidelines calculations and/or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

9.    **Sentencing Recommendation and Departures**.  The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party.  As part of the concessions made herein, the United States agrees that it will advocate for a sentence no greater than 46 months, and the defendant agrees that he will advocate for a sentence no lesser than 37 months.  The parties further agree that they will both recommend at sentencing that any sentence imposed in this case run concurrently with any sentence imposed or that may be imposed in any criminal state case pending against the defendant at the time the Indictment was filed in this case on September 20, 2023.  The parties agree, however, that if the Court does not accept the sentencing recommendation of the parties, neither party will have the right to withdraw from this plea agreement.

10.    **Revocation of Supervised Release**.   The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3).   *See* USSG §§ 7B1.4, 7B1.5.   The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

11.    **Forfeitures**.   The defendant agrees to forfeit the Glock model 45 9mm pistol, bearing serial number BSNC265, with an inserted high-capacity magazine and with an attached machinegun conversion device or switch, and all ammunition and firearm accessories seized therewith, to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).   The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property.   The defendant also waives all statutory and constitutional defenses to the forfeiture, consents to the destruction of the firearms, ammunition, magazines, and associated accessories, and agrees that the items are subject to forfeiture because they were involved in knowing violations of federal law.

12.    **Waiver of Freedom of Information Act and Privacy Act**.   In exchange for the concessions of the United States made herein, the defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and

prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13.   **Waiver of Appeal and Postconviction Petition**.   The defendant hereby waives the right to appeal any non-jurisdictional issues.   This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt, sentence, and the constitutionality of the statutes to which the defendant is pleading guilty.   The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment greater than 46 months.

The defendant also understands his rights to file and seek a postconviction civil petition to collaterally contest his conviction and/or sentence.   The defendant hereby knowingly and voluntarily waives all rights to contest the defendant's conviction or sentence in any collateral postconviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for a claim of ineffective assistance of counsel or an applicable change in the law.   The defendant has discussed these appellate and postconviction rights with the defendant's attorney, the defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence, except the United States may appeal the substantive reasonableness of a term of imprisonment less than 37 months.

14.   **Complete Agreement**.   This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United

States and the defendant.  By signing this plea agreement, the defendant acknowledges: (a) that he has read the entire agreement and has reviewed every part of it with his counsel; (b) that he fully understands this plea agreement; (c) that he is pleading guilty because he is in fact guilty of committing the crime to which he is pleading guilty; (d) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (e) that he is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (f) that he has entered into this plea agreement freely, knowingly, and voluntarily; and, (g) that his decision to plead guilty in accord with the terms and conditions of this plea agreement is not the result of any threats or coercion directed at him or anyone connected with him.

Dated:  _MARCH 27, 2024_

ANDREW M. LUGER
United States Attorney

BY: BENJAMIN BEJAR
Assistant United States Attorney

Dated:  _3-27-24_

MOESHEA ISIAH HART
Defendant

Dated:  _3-27-24_

MATTHEW DEATES
Assistant Federal Defender
Attorney for Defendant